# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **BAY POINT CAPITAL PARTNERS II, L.P.,** | ) ) ) | |
| **Plaintiff,** | ) ) | **CASE NO:** |
| **v.** | ) ) ) | |
| **JLL VALUATION & ADVISORY SERVICES, LLC,** **JONES LANG LASALLE, INC.,** and **JONES LANG LASALLE AMERICAS, INC.,** | ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants JLL VALUATION & ADVISORY SERVICES, LLC ("JLL Valuation"), JONES LANG LASALLE, INC.[1] ("JLL Inc."), and JONES LANG LASALLE AMERICAS, INC. ("JLL Americas" and, with JLL Valuation and JLL Inc., the "JLL Defendants"), hereby remove the above-styled action, *Bay Point Capital Partners II, L.P. v. JLL Valuation & Advisory Services, LLC, et al.*, Case No. 26-GSBC-0005, filed in the Georgia State-Wide Business Court, to the United States District Court for the

---

[1] This entity is referred to as "JLL Capital Markets" in the Complaint filed in the "State Court Action" (as defined herein).

1

Northern District of Georgia. There is complete diversity between Plaintiff Bay Point Capital Partners II, L.P. ("Bay Point" or "Plaintiff"), which is a citizen of Florida and Georgia, and the JLL Defendants, which are citizens of Illinois and Maryland. In addition, the amount in controversy exceeds $75,000.00. Thus, this Court has original jurisdiction over this action under 28 U.S.C. § 1332.

The JLL Defendants deny any liability to Bay Point and file this Notice of Removal ("Notice") without waiving any defenses, exceptions, or arguments for motion practice and/or dismissal (whether under Rule 12 of the Federal Rules of Civil Procedure or otherwise) that may exist in their favor.

As grounds for removal, the JLL Defendants state as follows:

## **INTRODUCTION**

1.    On February 24, 2026, Bay Point filed a Complaint for Damages ("Complaint") in the Georgia State-Wide Business Court, Case No. 26-GSBC-0005, (the "State Court Action") against the JLL Defendants, purporting to assert a number of state law claims in connection with an approximately $4 million loan that Bay Point—an entity that specializes in providing financing to distressed companies—made to an entity that was developing a luxury RV park in Ennis, Texas. As against all JLL Defendants, Bay Point asserts claims for negligence, negligent misrepresentation, and breach of fiduciary duty (Counts I, II, and III). As against

JLL Valuation only, Bay Point also asserts a breach of contract claim based on an intended third-party beneficiary theory (Count IV).

2.      No proceedings have taken place in the State Court Action since the JLL Defendants agreed to waive service of the Complaint, and the JLL Defendants' time to file a responsive pleading has not yet expired. Accordingly, pursuant to Federal Rule of Civil Procedure 81(c)(2), the JLL Defendants' default deadline to file a responsive pleading will be seven (7) days from the date of this removal. The JLL Defendants reserve all rights to assert any and all defenses to the Complaint and further reserve the right to amend or supplement this Notice of Removal.

3.      As required by 28 U.S.C. § 1446, copies of the State Court Action docket, all process, pleadings, and other papers previously filed with the Georgia State-Wide Business Court are attached hereto as **Exhibit A**.

4.      Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) and the JLL Defendants have satisfied all conditions precedent and procedural requirements for removal to this Court.

**GROUNDS FOR REMOVAL**

I.      **Removal is Proper Because This Court Has Subject Matter Jurisdiction Under 28 U.S.C. §§ 1332 and 1441(b).**

5.      None of the JLL Defendants are citizens of Georgia. Accordingly, the State Court Action may be removed to this federal court under 28 U.S.C. § 1332 if diversity jurisdiction exists between the Plaintiff and Defendants.

3

6.     Diversity jurisdiction exists where an action is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case, $75,000.00. *See* 28 U.S.C. § 1332(a)(1) (stating requirements for diversity jurisdiction); *Stewart v. Circle K Stores, Inc.*, No. 1:22-CV-4738-TWT, 2023 WL 2507569, at *1 (N.D. Ga. Mar. 14, 2023) ("Where no federal question exists, diversity jurisdiction can be invoked where there is complete diversity among the parties, and the amount in controversy exceeds $75,000."). As set forth below, this action satisfies both jurisdictional requirements.

**A.     There is Complete Diversity of Citizenship Among the Parties.**

7.     Diversity of citizenship exists in this case because this is a civil action between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

8.     In *Carden v. Arkoma Assocs.*, the United States Supreme Court held that, in the context of analyzing diversity of citizenship under 28 U.S.C. § 1332, a limited partnership is deemed to be a citizen of each state in which any of its general partners or limited partners are citizens. 494 U.S. 185, 195–96 (1990).

9.     In *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, the Eleventh Circuit joined other Circuit Courts of Appeal in holding that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."  374 F.3d 1020, 1022 (11th Cir. 2004).

10. According to the Complaint and additional public documents filed herewith, Bay Point is a Delaware limited partnership with its primary place of business located at 3050 Peachtree Street NW, Suite 740, Atlanta, Georgia 30305. *See* Compl. ¶ 1.

11. According to its Certificate of Limited Partnership filed with the State of Delaware and executed on May 14, 2018 (a true and correct copy of which is attached hereto as **Exhibit B**), Bay Point's General Partner is Bay Point Advisors, LLC ("Bay Point Advisors").

12. Bay Point's Certificate of Limited Partnership further states that the managing member of Bay Point Advisors is James Kauffman. *See* **Exhibit B** at 2.

13. According to a Certificate of Authority issued by the Georgia Secretary of State, Corporations Division (attached hereto as **Exhibit C**), as of April 4, 2019, Bay Point Advisors was granted authority to transact business in the State of Georgia as a Foreign Limited Liability Company organized under the laws of Delaware.

14. According to its Application for Certificate of Authority (*see* **Exhibit C**, page 2), the address of Bay Point Advisors' manager, James Kauffman, is 5531 Cannes Circle, Sarasota, FL, 34231, USA.

15. Additional documents filed with the Delaware Secretary of State show that, in late 2016 and early 2017, Bay Point Advisors (then a limited liability company formed under Florida law) merged with another entity, New Pass Advisors,

LLC, a limited liability company organized under Delaware law, and then amended its Certificate of Formation to reflect its current name (i.e., Bay Point Advisors, LLC).

16.     Attached hereto as **Exhibit D** is a true and correct copy of a Certificate of Merger of a Foreign Limited Liability Company into a Domestic Limited Liability Company and Certificate of Amendment, executed by Bay Point Advisor's founders, partners, and managing members, Messrs. Gregory Jacobs and James Kauffman on December 29, 2016.

17.     Attached hereto as **Exhibit E** is a true and correct copy of a Certificate of Authority issued by the Georgia Secretary of State, Corporations Division, on August 27, 2018, which authorized Bay Point to transact business in Georgia.  The Application for Certificate of Authority on page 2 of this document lists Bay Point Advisors as the General Partner for Bay Point Capital Partners II, L.P.  *See* **Exhibit E**, page 2.

18.     As reflected on Bay Point Advisor's website and public LinkedIn profiles, Messrs. Gregory Jacobs and James Kauffman, are residents of, respectively, Sarasota, Florida and Marietta, Georgia,

19.     As reflected on Bay Point Advisor's website and a public LinkedIn profile, Bay Point Advisor's other partner and founding member, Charles Andros, is a resident of Atlanta, Georgia.

20.     Attached hereto as **Exhibit F** is a true and correct copy of a document filed by Bay Point with the United States Securities and Exchange Commission ("SEC") on September 4, 2025, and titled "Form D - FORM D Notice of Exempt Offering of Securities," which lists Bay Point Advisors as Bay Point's general partner and Messrs. James Kauffman, Gregory Jacobs, and Charles Andros as Bay Point Advisors' managers, and with their addresses listed as, respectively, Sarasota, Florida, Marietta, Georgia, and Atlanta, Georgia.

21.     "[A] LLC's state of organization does not determine the citizenship of an LLC; rather, an LLC is a citizen of every state in which each of its individual members are citizens." *Hines Ints. Ltd. P'ship v. Southstar Cap. Grp. I, LLC*, 2018 WL 7460045, at *2 (M.D. Fla. Dec. 20, 2018) (citing *Rolling Greens*, 373 F.3d at 1022).

22.     Accordingly, under 28 U.S.C. § 1332, Bay Point, the sole Plaintiff in the State Court Action, is a citizen of Florida and Georgia by virtue of its sole general partner, Bay Point Advisors, whose managing members are individuals who are citizens of Florida and Georgia.

23.     Based on publicly available information, Bay Point is not a citizen of Maryland or Illinois for purposes of evaluating diversity jurisdiction under 28 U.S.C. § 1332.

24.    As established by the contemporaneously-filed sworn Declaration of Sohil Shah ("Shah Decl.") and its accompanying exhibits, the JLL Defendants are citizens of only two states for purposes of evaluating diversity jurisdiction under 28 U.S.C. § 1332:  Maryland and Illinois.

25.    JLL Americas is a Maryland corporation with its principal place of business in Illinois.

26.    JLL Inc. is a Maryland corporation with its principal place of business in Illinois.  It is a holding company with no active operations.

27.    Attached  as **Exhibits 1** and **2** to the Shah Declaration are true and correct copies of documents obtained from the Maryland Secretary of State's official website.

28.    **Exhibit 1** to the Shah Declaration is a "Corporate Charter Approval Sheet" filed with the Maryland Secretary of State's Office in December 2007.  This document includes "Articles of Merger" reflecting that, as of January 1, 2018, Jones Lang LaSalle Services, Inc., merged with and into JLL Americas, with JLL Americas emerging as the surviving corporation.  *See* **Exhibit 1**, pages 2-4.

29.    **Exhibit 2** to the Shah Declaration is a true and correct copy of Articles of Amendment to the Articles of Incorporation of JLL, which were executed in June 2005 and filed with the Maryland Secretary of State's Office on June 17, 2005

30.    Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Thus, for purposes of the statute under which this Notice of Removal is filed, JLL Americas and JLL Inc. are considered citizens of both Maryland and Illinois.

31.    JLL Valuation is a limited liability company organized under Delaware law whose sole member is JLL Americas.  *See* Shah Decl. ¶¶ 6-7.

32.    Attached as **Exhibit 3 to the Shah Declaration** is a true and correct copy of JLL Valuation's Certificate of Formation filed with the Delaware Secretary of State's Office on August 24, 2016..

33.    A limited liability company takes the citizenship of all of its members. *See Rolling Greens,* 374 F.3d at 1022.

34.    Accordingly, JLL Valuation is a citizen of Maryland and Illinois because its sole member, JLL Americas, is a Maryland corporation with its principal place of business in Illinois. *See* Shah Decl. ¶¶ 4, 6-7.

35.    Because Bay Point is a citizen of Florida and Georgia, and each of the JLL Defendants is not a citizen of Florida or Georgia, there is complete diversity of citizenship between the parties in this action.

36.    Thus, this lawsuit satisfies the diversity of citizenship requirement under 28 U.S.C. § 1332(a)

**B.      The Amount-in-Controversy Requirement Is Satisfied.**

37.      This lawsuit also satisfies the amount-in-controversy requirement for purposes of removal because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorneys' fees.

38.      To determine the amount in controversy, courts look to the plaintiff's state-court complaint. *Farmer v. Ford Motor Co.,* 2005 WL 3096067, at *1 (N.D. Ga. Nov. 14, 2005) ("The court must first look to the face of the complaint to determine whether the amount in controversy exceeds the jurisdictional requirements."). There is a rebuttable presumption that the face of the complaint is a good-faith representation of the actual amount in controversy. *See Fastcase, Inc. v. Lawriter, LLC*, 229 F. Supp. 3d 1301, 1305 (N.D. Ga. 2017).

39.      Here, the Complaint alleges that the amount in controversy is more than $1 million. *See* Compl. ¶ 5 ("This dispute arises from a business relationship between Bay Point and involves a claim of professional malpractice and other torts, the damages of which exceed $1,000,000.00."). Because this amount exceeds the jurisdictional threshold of $75,000.00, exclusive of interest, costs, and attorneys' fees, the amount-in-controversy requirement is satisfied.

40.      Accordingly, because the amount in controversy in this lawsuit exceeds the jurisdictional requirement and because citizenship of the parties is diverse, this

lawsuit provides a basis for original diversity jurisdiction under 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## II.    VENUE IS PROPER AND REMOVAL OF THE STATE COURT ACTION WAS TIMELY.

41.    This Court is the proper venue for removal under 28 U.S.C. §§ 1441(a).

42.    The State Court Action was filed in and is currently pending in the Georgia State-Wide Business Court, which is located in Fulton County.

43.    Fulton County is within this judicial district and division. *See* 28 U.S.C. § 90(a)(2).

44.    Accordingly, venue is proper in this Court under 28 U.S.C. §§ 90(a)(2), 1441(a), and 1446(a), because the United States District Court for the Northern District of Georgia, Atlanta Division, is the federal judicial district and division embracing the Superior Court of Fulton County, Georgia.

45.    The JLL Defendants timely filed this Notice of Removal.

46.    Under 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based."

47.    The JLL Defendants received a copy of the Complaint through their undersigned counsel on March 5, 2026, and agreed to waive service on March 9, 2026.

48.     Accordingly, the deadline for the JLL Defendants to file this Notice (i.e., April 4, 2026) has not yet expired.

49.     Pursuant to 28 U.S.C. § 1446(d), concurrently with the filing of this Notice, the JLL Defendants are also filing a true and correct copy of this Notice with the Clerk of the Georgia State-Wide Business Court.

50.     By filing this Notice of Removal, the JLL Defendants do not waive, and in fact expressly reserve, any and all objections and defenses to Bay Point's claims available to them under applicable law.

**WHEREFORE**, notice is given that this action is removed from the Georgia State-Wide Business Court to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 30th day of March, 2026.

**GREENBERG TRAURIG, LLP**
*/s/ Eva M. Spahn*
Eva M. Spahn
Georgia Bar No. 995675
eva.spahn@gtlaw.com
Richard F. Walker III
Georgia Bar No. 956246
richard.f.walker@gtlaw.com

Terminus 200, Suite 2500
3333 Piedmont Road, NE
Atlanta, Georgia 30305
Tel: 678-553-2100
Fax: 678-553-2212
*Counsel for JLL Defendants*

12

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on March 30, 2026 I electronically filed the foregoing

with the Clerk of the Court, using CM/ECF. I also certify that a true and correct copy

of the foregoing has been furnished to the individuals listed below via e-mail upon:

Garrett A. Nail
Georgia Bar No. 997924
PORTNOY GARNER & NAIL LLC
49 Park Square Ct.
Roswell, Georgia 30075
404-688-8800
gnail@pgnlaw.com

*Counsel for Plaintiff*
*Bay Point Capital Partners II, L.P.*


/s/ Eva M. Spahn
Eva M. Spahn

*Counsel for JLL Defendants*

13